UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL WILLIAMS, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>AFFINITY INSURANCE SERVICES, INC., et al.,<br><br>        Defendants. | Case No. 23-cv-06347-JST   (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 83 |

Plaintiffs Isabel Williams and Jeffrey Pytel (Plaintiffs) purchased travel insurance policies through Carnival Cruise Line (Carnival) and Norwegian Cruise Line (Norwegian). Dkt. 83 at 1.[1] The policies in question are connected with defendants Affinity Insurance Services, AIS Affinity Insurance Agency, and Nationwide Mutual Insurance Services (Defendants). *See id.*

The parties disagree about whether Defendants must produce discovery pertaining to Defendants' travel insurance policies sold by retail partners other than Carnival and Norwegian, and including purchases beyond those made by Plaintiffs. *See id.* at 1–5. In support of their discovery request, Plaintiffs cite a line of cases allowing for discovery into unpurchased products after the plaintiffs alleged that purchased and unpurchased products were substantially similar. *Id.* at 2. Defendants argue that this substantial similarity rule is no longer good

---

[1] References to page numbers in this order utilize the Electronic Case Filing page numbers.

law, and that Plaintiffs must make a prima facie showing that Federal Rule of Civil Proce-

dure 23's prerequisites are met, which Plaintiffs have failed to do. *Id.* at 4–5.

A class has not yet been certified yet in this case; class certification motions are due

April 3, 2025. *See* dkt. 68. District courts have discretion regarding whether to permit dis-

covery prior to class certification, *see Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d

935, 942 (9th Cir. 2009), and whether to require a prima facie showing that Rule 23's re-

quirements are satisfied. *E.g.*, *Loza v. Hershey Co.*, No. 24-CV-01455, 2024 WL 5155554,

at *1–2 (N.D. Cal. Dec. 17, 2024) (reviewing substantial similarity and ordering discovery

on unpurchased products without requiring a prima facie showing). In this context, a court

may permit, for example, "limited and targeted non-burdensome discovery." *Doe v. Kaiser

Found. Health Plan, Inc.*, No. 23-CV-02865, 2024 WL 3511627, at *2 (N.D. Cal. July 23,

2024).

The Court is not convinced that allowing discovery on every possible retail partner,

or on transactions beyond Plaintiffs' purchases, is appropriate at this stage. Plaintiffs do not

explain how many other retail partners might be implicated; Defendants argue that dozens

of different retailers will be implicated. Dkt. 83 at 3. There are no allegations in the joint

letter regarding how many other transactions might be implicated.[2] Given Rule 26's mandate

that discovery be proportionate, the Court is reticent to order discovery into an unknown

number of retailers and transactions. *See* Fed. R. Civ. P. 26(b)(1). The Court cannot evaluate

proportionality when the scope of the requests is undefined.

More importantly, the Court is not convinced that the policies sold via other retailers

---

[2] Defendants represent that Nationwide has issued thousands of insurance policies. Dkt. 83 at 3. The number of transactions implicated is unclear.

or in other transactions are substantially similar, let alone that Plaintiffs have made a prima facie showing in the joint discovery letter under Rule 23. Plaintiffs include only a few conclusory sentences in the joint letter as support for their substantial similarity, but this is not sufficient for the Court to so find. As such, the Court denies Plaintiffs' requests for discovery into retailers beyond Carnival and Norwegian and denies Plaintiffs' requests for discovery into transactions completed by unnamed plaintiffs.

Additionally, the parties dispute whether Defendants must produce unredacted copies of responsive documents, previously produced with redactions. Plaintiffs argue that redactions based on relevancy are not permitted here where there is already a protective order in place. Dkt. 83 at 2–3. Citing only to out of district cases, Defendants argue that Plaintiffs are not entitled to "extraneous information." *Id.* at 5.

Generally, it is improper to redact responsive documents based on relevancy or responsiveness. *See, e.g.*, *DiGiacinto v. RB Health (US) LLC*, No. 22-CV-04690, 2024 WL 4660917, at *1 (N.D. Cal. Feb. 16, 2024) (finding no legal basis for redactions grounded in relevance and responsiveness and ordering production of unredacted documents).

Defendants also do not explain why the protective order in place here, *see* dkt. 47, is insufficient. *See Live Nation Merch., Inc. v. Miller*, No. 13-CV-03936, 2014 WL 1877912, at *3 (N.D. Cal. May 9, 2014) ("[U]nilateral redaction is disfavored, and a protective order could ensure the confidentiality of sensitive information.").

Given the above, the Court orders Defendants to produce the unredacted versions of documents responsive to Plaintiffs' requests within fourteen days of the date of this order.

/ / /

/ / /

3

This order dispenses with dkt. 83.

**IT IS SO ORDERED.**

Dated: February 18, 2025

_____
Alex G. Tse
United States Magistrate Judge